UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATRINA HINKLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:05-CV-1867 CAS |
| ) | |
| NORFOLK SOUTHERN RAILWAY CO., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on plaintiffs' motion to remand. Defendant Norfolk opposes the motion and plaintiffs have replied. The Court will grant the motion and remand the case to state court for the reasons set forth below.

**I.  Background**

Plaintiffs originally filed this personal injury suit in the Circuit Court of the City of St. Louis, Missouri, against defendant Norfolk Southern Railway Company ("Norfolk"). Norfolk removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, on the basis of diversity of citizenship. Upon leave of court, plaintiffs filed their First Amended Complaint, joining Norfolk employees Daniel R. Neyhouse, Brett L. Schmidt, and Brandon J. Dill as defendants. Plaintiffs allege that defendants Neyhouse and Dill are Indiana residents and defendant Schmidt is an Illinois resident.[1] Plaintiffs also joined the Terminal Railroad Association of St Louis ("TRRA") as a defendant, alleging that TRRA is a resident of the state of Missouri.

Plaintiffs now move to remand, arguing that they have joined citizens of the state of Missouri

---

[1] Answers to interrogatories submitted as exhibits indicate these defendants are residents of Indiana.

and non-diverse defendants, thus requiring remand to state court, citing 28 U.S.C. § 1447 (e).

Norfolk contends that § 1447 is inapplicable because complete diversity still exists among all parties. Norfolk argues the presence of an unserved defendant, TRRA, who is a citizen of a the forum state, Missouri, does not prevent removal when complete diversity exists.

## II. Discussion

This Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing"; consequently, "uncertainties are resolved in favor of remand.")

In removal cases, the district court reviews the complaint or petition pending at the time of removal, and not subsequent complaints or petitions, to determine the court's jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938); see Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969). The district court may also look to the notice of removal to determine its jurisdiction. See,1 J. Moore, et al., Moore's Federal Practice ¶ 0.92[3.--2] (2d ed. 1995).

It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect. In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir.2000) (citations omitted). Rule 15(c)(2) of the Federal Rules of Civil Procedure allows an

2

amended complaint to relate back when the claim in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint]." As such, where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint. Atlas, 209 F.3d at 1067.

This Court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705 (8th Cir. 2003); Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992). 28 U.S.C. § 1441(b) bars removal on the basis of diversity if any party in interest properly joined and served as a defendant is a citizen of the State in which the action is brought. Lincoln Prop. Co. v. Roche, 126 S.Ct. 606 (2005).

Title 28 U.S.C. § 1441(b) states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

In this circuit, the presence of a forum state defendant in a removed action is not considered a procedural defect, but rather is a jurisdictional defect which may be raised at any time in a proceeding. Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005) (citing Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992) and rejecting contrary precedent in other circuits). The Eighth Circuit equates diversity jurisdiction in removal cases to the federal courts' original subject-matter jurisdiction, and has held that if statutory requirements for removal jurisdiction are not met, a district court has no jurisdiction. Hurt, 963 F.2d at 1145. Based on the foregoing, this Court

3

concludes that it no longer has removal jurisdiction in this case, due to the proper addition of TRRA, a resident of the state of Missouri.

Norfolk next argues that the presence of an unserved defendant who is a citizen of the forum state does not prevent removal when complete diversity exists. This Court notes that this is not the position of the Eighth Circuit. Despite the "joined and served" provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal. 1A Moore's Federal Practice P 0.168, at 449 (2d ed. 1979); C. Wright, A. Miller & E. Cooper, 14 Federal Practice and Procedure P 3723, at 597-98 (1st ed. 1976). Section 1441 (b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought. See 14 Federal Practice and Procedure, supra, P 3721, at 530; 1A Moore's Federal Practice, supra, P 0.168, at 450 n.15. The Eighth Circuit declined to read section 1441(b) as expanding removal jurisdiction, but rather concluded that section 1441(b) did not change the removal requirement in determining the propriety of removal based on diversity of citizenship, and must consider all named defendants, regardless of service. Regardless, this Court thus rejects Norfolk's argument as TRRA has been properly joined and served. Therefore, based on TRRA's status as a forum state defendant, this Court lacks diversity jurisdiction pursuant to § 1441(b).

### III. Conclusion

For all of the foregoing reasons, the Court concludes that plaintiffs' motion to remand should be granted.

Accordingly,

4

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED.** (Doc. 14)

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court for the City of St. Louis, Missouri.

_____
CHARLES A. SHAW
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of August, 2006.